IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CINDY H. TRUONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-06-852-F |
| | ) | |
| STATE OF OKLAHOMA ex rel C. | ) | |
| WESLEY LANE, II, DISTRICT | ) | |
| ATTORNEY OF THE SEVENTH | ) | |
| PROSECUTORIAL DISTRICT; | ) | |
| THE OKLAHOMA COUNTY | ) | |
| DISTRICT ATTORNEY'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed October 10, 2006 (doc. no. 16).[1]  Plaintiff has responded to the motion, and defendant has replied.[2]  Upon due consideration of the parties' submissions, the court makes its determination.

---

[1] The motion is filed by Defendant, State of Oklahoma, ex rel. C. Wesley Lane, II, District Attorney for the Seventh Prosecutorial District.  Defendant advises that while plaintiff has named two defendants, both defendants are the same entities. *See*, 19 O.S. 215.1 & 215.30.  The court, for purposes of this order, treats the Second Amended Complaint as alleged against Defendant, State of Oklahoma, ex rel. C. Wesley Lane, II, District Attorney for the Seventh Prosecutorial District.

[2] Contemporaneous with her response, plaintiff filed a Motion to Strike Evidentiary Materials Attached to Defendant's 12(b)(6) Motion and a Combined Rule 56(f) Motion and a Motion for Continuance of Summary Judgment Ruling Pending Discovery.  The court will also address both motions in this order.

With leave of court, plaintiff filed a Second Amended Complaint on September 8, 2006.  In the Second Amended Complaint, plaintiff, an Asian female, alleges that she was employed by Defendant, State of Oklahoma, ex rel. C. Wesley Lane II, District Attorney for the Seventh Prosecutorial District, in 2001.  She alleges that since January 2002,  she has served as an assistant district attorney for defendant.  Plaintiff also alleges that during her employment, she has received wages which were less than the wages of her male and/or non-Asian counterparts, or other assistant district attorneys, who performed the same or similar work.  Plaintiff alleges that defendant's conduct in paying plaintiff a lesser wage than her male, non-Asian assistant prosecutor counterparts has violated various federal laws.  Specifically, plaintiff alleges that defendant's conduct has violated the Equal Pay Act, 29 U.S.C. § 206(d) (Count I), 42 U.S.C. § 1981 (Count II), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Counts III and IV).

Defendant, in its motion, seeks to dismiss plaintiff's Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction on the following grounds:  (1) all claims are moot because defendant has adjusted plaintiff's pay and has completely compensated plaintiff for any back pay from April, 2006; (2) Count II, alleging a § 1981 claim, is precluded by Eleventh Amendment immunity; and (3) Counts III and IV, alleging Title VII claims, are barred due to plaintiff's failure to exhaust administrative remedies.

Initially, plaintiff, in her response, points out that defendant has attached evidence outside the pleadings in support of its motion.  Plaintiff requests the court to strike the evidentiary materials and consider the motion under Fed. R. Civ. P. 12 (b)(6) without such materials or to convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and to defer any ruling on the summary judgment motion

until such time as plaintiff has an opportunity to conduct discovery. Plaintiff has filed a Fed. R. Civ. P. 56(f) affidavit in support of this request.

Regarding the merits of defendant's motion, plaintiff argues that she has exhausted her administrative remedies for Counts III and IV because she received a notice of right to sue letter shortly before filing the Second Amended Complaint. Plaintiff has attached the August 25, 2006 letter to her response. As to Count II, plaintiff contends that this claim is not barred by Eleventh Amendment immunity because she seeks prospective relief. Plaintiff further asserts that her claims are not moot, explaining that she has not alleged a discrepancy in pay only from April 2006, as asserted by defendant. According to plaintiff, she has alleged a discrepancy in pay from January 2002 through April 2006.

In reply, defendant contends that at the time it filed its motion, it had not received notice that a right to sue letter had been issued for plaintiff as to her Title VII claims. Defendant acknowledges that the right to sue letter does vest the court with subject matter jurisdiction. Defendant also states that plaintiff's clarification that discriminatory pay practices preceded the April 2006 pay adjustment precludes a finding of mootness and lack of subject matter jurisdiction. As to the § 1981 claim, defendant contends that a disparity in pay from January 2002 until April 2006 is not an "ongoing violation" so as to warrant prospective relief. Therefore, defendant argues the § 1981 claim is still barred under the Eleventh Amendment. Finally, defendant points out that, since the filing of its motion, the Oklahoma Supreme Court, in Freeman v. State of Oklahoma, 145 P.3d 1078 (Okla. 2006), has unanimously held that the State of Oklahoma has not consented to private suits for damages under the Fair Labor Standards Act, into which the Equal Pay Act was incorporated when it was enacted. Consequently, defendant argues that it is immune from liability under the Eleventh Amendment for plaintiff's Equal Pay Act claim.

At the outset, the court disagrees with plaintiff that defendant's motion to dismiss should be treated as one for failure to state a claim under Rule 12(b)(6) or a summary judgment pursuant to Rule 56. When a party's Rule 12(b)(1) motion challenges the facts on which subject matter jurisdiction depends, a district court has wide discretion to consider affidavits and other documents to resolve disputed jurisdictional facts, and reliance upon this evidence in addressing the motion does not generally convert the motion to one under Rule 12(b)(6) or Rule 56. Sizova v. Nat. Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002), Holt v. U.S., 46 F.3d 1000, 1003 (10th Cir. 1995). The exception to the rule occurs when "the jurisdictional question is intertwined with the merits of the case." Sizova, 282 F.3d at 1324 (quotation omitted). The focus of the inquiry is "whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." Pringle v. United States, 208 F.3d 1220, 1223 (10th Cir. 2000).

Here, defendant challenges Counts III and IV for failure to exhaust administrative remedies. The jurisdictional issue of exhaustion of Title VII administrative remedies is not an aspect of the substantive claims of discrimination. Sizova, 282 F.3d at 1324-25. In response to defendant's motion, plaintiff has submitted her right to sue letter. With that submission, defendant concedes that the court is vested with subject matter jurisdiction over the claims. The court therefore concludes that defendant's motion should be denied as to Counts III and IV.

As to the mootness claims, the court need not look outside the Second Amended Complaint for resolution of defendant's motion. Plaintiff has alleged that "during her employment," she received less wages than her male and non-Asian counterparts. Plaintiff's employment commenced in January of 2002. The court concludes that such allegation is sufficient to avoid dismissal for mootness and lack of subject matter jurisdiction. The court, in concluding that dismissal is not appropriate, also

recognizes plaintiff's representation and clarification that her disparity pay claim precedes April 2006 and defendant's concession that this clarification precludes any finding of mootness and lack of subject matter jurisdiction.

Turning to the § 1981 claim, plaintiff seeks to avoid dismissal by virtue of the Ex parte Young "exception" to the Eleventh Amendment. As explained by the Tenth Circuit, in ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1188 (10th Cir. 1998),

> A third route for a party to obtain relief against a state agency in federal court is the so-called *Ex parte Young* "exception" to the Eleventh Amendment, although in nominal form the rule is not an "exception" because the citizen's suit is not against the state, but rather it is a suit against a state official. In such a suit, when a party seeks only prospective equitable relief – as opposed to any form of money damages or other legal relief – then the Eleventh Amendment generally does not stand as a bar to the exercise of the judicial power of the United States. *See* Ex parte Young, 209 U.S. 123, 158-159, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *see also* [Idaho v.] Coeur d'Alene Tribe, 117 S.Ct. [2028,] 2043 [1997] (O'Connor, J., concurring) ("The Young doctrine recognizes that if a state official violates federal law, he is stripped of his official or representative character and may be personally liable for his conduct; the State cannot cloak the officer in its sovereign immunity.")

The Ex parte Young exception, however, has its limits. One such limit is that "the doctrine will not go so far as to allow federal jurisdiction over a suit that seeks to redress past wrongs–only ongoing violations are covered." *See*, ANR Pipeline Co., 150 F.3d at 1189.

In response to defendant's motion, plaintiff contends that she is seeking prospective relief. Plaintiff states that she has not been compensated for disparity in pay between January 2002 and April 2006. She states that defendant's failure to correct the discrepancy for this period is a continuing violation by defendant and such violation comes within Ex parte Young doctrine.

The court concludes that the issue of Eleventh Amendment immunity is properly considered under Rule 12(b)(1).  *See*, Robinson v. Kansas, 295 F.3d 1183, 1188 (10th Cir. 2002) and cases therein cited (considering Eleventh Amendment immunity under Rule 12(b)(1)), *cert. denied*, 539 U.S. 926 (2003).  In addition, the court concludes that the Ex parte Young exception does not apply.  The relief plaintiff seeks is for past wrongs.  It is not an ongoing violation.  *See*, Papasan v. Allain, 478 U.S. 265, 277-78 (1986) ("Young has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past . . . .").  For there to be an ongoing violation, a state official would have to be currently violating federal law.  As represented by plaintiff, she complains of pay discrepancy between January 2002 and April 2006.  Moreover, she represents that she was terminated by defendant in October of 2006.  As plaintiff is no longer employed with defendant and is not receiving any wages from defendant, the court cannot grant an injunction so as to enjoin defendant from violating federal law.  The court therefore concludes that defendant's motion should be granted as to the § 1981 claim, which shall be dismissed without prejudice.

As to whether Eleventh Amendment immunity bars plaintiff's Equal Pay Act claim, the court recognizes that plaintiff has not had an opportunity to address the issue as it was raised by defendant in reply.  The court, however, concludes that it need not obtain a response from plaintiff to resolve the issue.  Upon review of applicable case authority, the court concludes that this claim is not barred by Eleventh Amendment immunity.  A citizen may sue a state without offending Eleventh Amendment immunity when Congress has constitutionally abrogated the state's Eleventh Amendment immunity.  Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2001).  The federal circuit courts addressing the issue have concluded that Congress

abrogated the states' Eleventh Amendment immunity through its passage of the Equal Pay Act and that this abrogation was a valid exercise of congressional authority under § 5 of the Fourteenth Amendment.  Varner v. Illinois State University, 226 F.3d 927, 936 (7th Cir. 2000) and cases cited in footnote 4.[3]  The court therefore concludes that defendant's motion should be denied as to Count I.

Defendant's motion may be considered under Rule 12(b)(1).  There is no need for discovery prior to ruling on defendant's motion.  The court accordingly concludes that plaintiff's Motion to Strike Evidentiary Materials Attached to Defendant's 12(b)(6) Motion and Plaintiff's Combined Rule 56(f) Motion and Motion for Continuance of Summary Judgment Ruling Pending Discovery should be denied.[4]

Based upon the foregoing,  Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed October 10, 2006 (doc. no. 16), is **GRANTED** to the extent it seeks dismissal of  Count II of plaintiff's Second Amended Complaint.  Count II is **DISMISSED WITHOUT PREJUDICE**.  Defendant's  Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed October 10, 2006 (doc. no. 16), is **DENIED** to the extent it seeks dismissal of Counts I, III and IV of the Second Amended Complaint.  Defendant shall file its answer to Counts I, III and IV of the Second Amended Complaint within 10 business days from the date of this order.

Plaintiff's Motion to Strike Evidentiary Materials Attached to Defendant's 12(b)(6) Motion, filed November 13, 2006 (doc. no. 20), and Plaintiff's Combined

---

[3]The Freeman decision cited by defendant does not address immunity as to Equal Pay Act claims.

[4]In her response, plaintiff indicates an intention to file a Third Amended Complaint to set forth additional claims.  It appears, however, that plaintiff is awaiting resolution of EEOC proceedings as to one claim.  At this time, the court does not grant plaintiff leave to file a Third Amended Complaint.  Plaintiff will be required to file a motion seeking such leave, at the appropriate time.

Rule 56(f) Motion and Motion for Continuance of Summary Judgment Ruling Pending Discovery, filed November 13, 2006 (doc. no. 21), are **DENIED**.

DATED this 26th day of December, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0852p001(pub).wpd